UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRELL W. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO: 3:11-CV-00500 |
| | ) | JUDGE TRAUGER |
| ROBERTSON COUNTY, TENNESSEE, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

INITIAL CASE MANAGEMENT ORDER

A.    JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. § 1343.

B.    BRIEF THEORIES OF THE PARTIES:

    1.    PLAINTIFF:

On September 1, 2010, the Sheriff of the Robertson County Sheriff's Department terminated Jones who had been a twenty-five year employee. At the time, Jones was the only African-American Captain in the Department. The reason given was that he (the Sheriff) wanted to go in a new direction. Jones' replacement as Captain was a White-American with less experience. Jones had been the jail supervisor for twenty-two years. He had a vast amount of experience and ability. His replacement had little or no experience supervising a county jail. The Sheriff's proffered reason for terminating Jones and replacing him with a White Captain was pretexual for discriminatory action in the workplace based upon race. This callous and intentional action on the part of the Sheriff exhibited deliberate indifference to Jones' welfare based upon racial animosity in violation of Title 42 U.S.C. § 2000 (e) as amended, and Tenn. Code Ann. § 4-21-101 *et seq.*, which prohibits adverse employment action based on race. As a

direct and proximate result of the illegal actions of the County through its Sheriff who was and is the decision making authority for all such hirings and terminations, Jones suffered humiliation and embarrassment, great emotional distress, loss of income and benefits past and in the future.

2. DEFENDANT:

The Defendant, Robertson County, Tennessee, submits this theory based upon the original Complaint as filed on May 26, 2011. The Plaintiff, Jerrell Jones, was employed by Robertson County, Tennessee as Jail Administrator. In August of 2010, Bill Holt was elected Sheriff of Robertson County, Tennessee. Mr. Holt was sworn in on September 1, 2010. Upon taking office, Sheriff Holt undertook a review of his staff's work performance. Sheriff Holt determined that a change in leadership was required for the administration of the Jail. Plaintiff Jerrell Jones was terminated for unsatisfactory job performance and attitude toward job performance. Mr. Jones was not terminated due to his race or for any other reason protected under federal or state law.

The Defendant denies that any action it has taken is in violation of Plaintiff's rights under Title VII of the Civil Rights Act, the Tennessee Human Rights Act or any other legal theory proposed in the Complaint. The Defendant further avers that the Plaintiff is not entitled to any damages in any form from the Defendant. The Plaintiff has a duty to mitigate his damages.

The Defendant Robertson County, Tennessee is an at-will employer controlled by Tennessee law and the Robertson County Employee Manual. Plaintiff specifically recognized that his employment was at-will by acknowledging that, "my employment is terminable "at will", either by myself or Robertson County, regardless of the length of my employment or the granting of benefits of any kind." Robertson County is an equal employment opportunity employer and all matters relating to employment are based upon ability and dependability to

perform the job. The Defendant considered the legitimate needs of the County and specifically the needs of the Sheriff's Department when deciding to terminate Plaintiff's employment. Race was not a factor with regard to the treatment of this Plaintiff and was not a consideration with regard to any terms or conditions of employment. All actions taken by the Defendant with respect to the Plaintiff's employment were based on legitimate and non-discriminatory business related reasons.

To the extent Plaintiff makes state law claims against Defendant Robertson County, Tennessee, the same must be in accordance with the Tennessee Governmental Tort Liability Act ("TGTLA"). Defendant is entitled to all defenses and immunities available under the TGLTA. Specifically, Defendant is immune from liability for any alleged injury proximately caused by a negligent act or omission of its employee arising out of the performance of a discretionary function, infliction of emotional distress or violation of civil rights.

C. ISSUES RESOLVED: Jurisdiction and venue of Federal cause of action only.

D. ISSUES STILL IN DISPUTE: Liability and damages, jurisdiction of the Plaintiff's State claim.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 31, 2011.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before February 29, 2012. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before October 14, 2011.

H. DISCLOSURE OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before December 30, 2011. The Defendant shall identify and disclose all expert witnesses and reports on or before February 29, 2012.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before March 30, 2012.

J. JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before March 16, 2012.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before April 6, 2012. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

L. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

APPROVED FOR ENTRY:


/s/ Phillip L. Davidson
Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115


/s/ Mark Nolan
Mark Nolan, #015859
121 South Third St.
Clarksville, TN 37040
(931) 647-1501